Peelle, J.,
delivered the opinion of the court:
The claimant seeks to recover, under the act of March 3, 1899, chapter 427 (30 Stat. L., 1228), two months’ extra pay for service rendered by him as paymaster’s clerk in the United States Navy during the war between the United States and the Kingdom of Spain. The act in question is as follows:
“Officers and enlisted men comprising the temporary force of the Navy during the war with Spain who served creditably beyond the limits of the United States, and who have been or who may hereafter be discharged, shall be paid two month’s extra pay.”
The only question in controversy is as to whether the claimant was a part of “the temporary-force of the Navy during the war with Spain.”
The Assistant Comptroller held that ho was not, principally upon the ground theretofore held that “pay clerks appointed to serve with paymasters in the permanent service did not constitute a part of the temporary force of the Navjr.” (5 Comp. Dec., p. 684.)
The Navy regulations for 1896, article 1692, paragraph 3, provides:
‘4 The acceptance of an appointment as clerk shall be considered as binding such person to serve with the officer who nominated him until regularly discharged by the Department. ”
There having been no special agreement with the Department as to the claimant’s length of service, his acceptance of *111 the appointment bound him “to serve with the officer who nominated him until regularly discharged by the Department.”
The claimant’s status in the Navy could not be fixed by agreement between him and the officer nominating him for appointment, and certainly not unless such agreement were approved or sanctioned in some authorized way by the Navy Department.
Pajmiaster Williams was on the active list of the Regular Navy, and if for any reason his regular clerk was absent, arid the claimant was appointed in his stead, that would not constitute him a part of “the temporary force of the Navj' during the war with Spain ” within the meaning of the act of March 3, 1899 (supra), even though at the time of his nomination he was informed by that officer that such service would be temporary or terminate with his detachment from the U. S. S. Newark.
Paymaster Williams was also subject to the orders and regulations of the Navy Department, and he could not know whether his service on that vessel would be temporary or not.
The claimant, under the terms of his appointment and the regulations of the Department, was subject to the orders of the Navy Department, and could not have claimed his discharge at any particular time, as a matter of right.
It will be noted that there is nothing in the order of appointment or discharge of the claimant which indicates that he was a part of “the temporary force of the Navjr during the war with Spain.”
As the claimant was not an officer or enlisted man “comprising the temporary force of the Navy during the war with Spain,” he is not entitled to recover the two months’ pay for which he now sues, and his petition is therefore dismissed.
Nott, Ch. J., took no part in the decision of this case.